# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 04-CR-306

TODD A. MILLER,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION ON MOTION TO SUPPRESS AND
AFFIRMING ORDER DENYING MOTION TO COMPEL**

On December 28, 2004, a federal grand jury sitting in this district returned a three-count indictment against the defendant. The three counts include possession of a firearm by a felon, possession of cocaine with intent to deliver, and carrying a firearm during and in relation to a drug trafficking crime. The charges are based upon evidence obtained in the course of a search of an apartment on November 11, 2004. A controlled purchase of marijuana had been made at the same apartment two days earlier using a confidential informant. The defendant moved to suppress the evidence against him on the ground that the search warrant was facially invalid.

As is the custom in the district, the case was referred to the magistrate judge for initial determination of pre-trial motions. Upon consideration of the defendant's motion and the briefing by the parties, Magistrate Judge Patricia Gorence recommended that defendant's motion to suppress be denied. Magistrate Judge Gorence concluded that the defendant had standing to challenge the search, but that the issuing judge had a substantial basis for concluding that under the totality of

circumstances probable cause existed for the issuance of the warrant. In the alternative, Magistrate Judge Gorence concluded that even if the warrant was not supported by probable cause, the motion should nevertheless be denied under the good faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897 (1984).

The defendant has objected to Magistrate Judge Gorence's recommendation. Relying on *United States v. Koerth*, 312 F.3d 862 (7th Cir. 2002), defendant argues that the affidavit fails to set forth facts sufficient to establish the veracity or credibility of the informant. Absent such factual information, he contends that the affidavit and warrant were so obviously defective that the officers executing the warrant could not have been acting in good faith.

The defendant is correct that the supporting affidavit on which the warrant was based is sparse on details. The request for a search warrant was based upon a controlled buy of marijuana made by a confidential informant at the same residence two days earlier. The warrant identifies the confidential informant as "Red," but fails to indicate any prior history of reliable information. However, the affidavit states that the purchase of marijuana from the residence was supervised by two police officers. Red was "wired" and the officers monitored the conversation as the transaction proceeded. Red was dropped off on a corner a short distance from the target house minutes before the delivery and was picked up as he exited the target residence approximately three minutes later. He was searched prior to the transaction and given pre-recorded money. Upon his return to police custody after the transaction, he turned over a baggie containing twelve grams of a leafy substance which, in the words of the police affiant, subsequently tested positive for THC. In a written statement taken from Red at that time, he stated that while he was in the house he saw two big

2

freezer bags full of marijuana on a kitchen table in the downstairs area. It was this information that provided the basis upon which the warrant was issued.

I agree with Magistrate Judge Gorence that the detail provided, together with the observations of the officers, is sufficient to corroborate the reliability of the information given by Red. The fact that the transaction was monitored by city police officers who searched Red prior to and after the transaction provides credibility to Red's version of the event. In addition, he was dropped off at the approximate location and picked up after he came out of the door to the residence. This evidence is sufficient to tie the criminal activity to the residence where the search was conducted. The fact that the search was conducted two days later does not detract from the judicial determination of probable cause. Given the evidence of marijuana dealing from the premises and the observations of the informant as to the additional marijuana in the house, such a delay would not render the probable cause determination stale. Accordingly, I agree with Magistrate Judge Gorence that a substantial basis existed for the issuance of the warrant.

I also agree with Judge Gorence's alternative finding that, even if the sparse detail in the supporting affidavit was not sufficient to establish probable cause, it is not so lacking in substance as to demonstrate bad faith on the part of the officers who executed the warrant. Officer Atkinson was present when the confidential informant entered the Lafayette Street lower residence and returned to his vehicle with marijuana. He signed the affidavit in support of the warrant and assisted in executing it. Under the circumstances, and based upon the information in the affidavit in support of the warrant, I agree with Judge Gorence that the warrant was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." (Recommendation at 10)(*quoting United States v. Pless*, 982 F.2d 1118, 1126 (7th Cir. 1992).). Accordingly, I adopt the alternative basis of Judge Gorence's recommendation as well and deny the motion to suppress.

3

In the same decision, Judge Gorence also denied the defendant's motion to compel discovery which sought disclosure of the audiotape of the controlled buy upon which the search warrant request was based. The defendant asserts that he has information that the warrant affidavit incorrectly identifies the person who sold marijuana to the informant on November 9. He asserts that the audiotape of the controlled buy is potentially exculpatory and material to preparing his defense. The defendant contends that it is also relevant to a possible *Franks* motion.

Magistrate Judge Gorence denied the defendant's motion on the ground that audiotape had no relevance to the charges against him. Specifically, she noted that the defendant was charged with being a felon in possession of a firearm and possession of cocaine as a result of his activities on November 11, 2004. He was not charged with the previous delivery that occurred on November 9, 2004, and there is no suggestion that he was even in the premises on that day. Thus, the audio tape of the controlled buy on that day had no relevance to the charges against him.

As to the defendant's contention that the information might be relevant to a *Franks* motion, Magistrate Judge Gorence concluded that the defendant had failed to make a proper showing supporting such a claim. She found that the defendant presented no information calling into question the veracity of the affiant on the search warrant, but was merely speculating that a review of the audiotape might be relevant to a *Franks* hearing. Noting that speculation is not sufficient to require disclosure of the audiotape involving a third party, Magistrate Judge Gorence ordered the defendant's motion to compel disclosure of the tape denied.

On this issue, too, I agree with Magistrate Judge Gorence's analysis. The audiotape is clearly not relevant to the charges against the defendant since they arose out of his arrest on November 11, 2004, two days after the controlled buy. It is undisputed that the defendant was not the seller on November 9, and he is free to argue that the cocaine and gun he is alleged to have

4

possessed on November 11 actually belonged to someone else. Defendant's contention that he needs the tape to impeach Red makes no sense in light of the fact that Red is not a witness in the case against the defendant. And as for the defendant's claim that the tape might be relevant to a *Franks* challenge to the warrant, he fails to explain why it matters whether Red was accurate as to the actual seller of marijuana for the controlled buy. Probable cause to search the residence was established by the fact of the sale at that location, not the identity of the seller.

Accordingly, for the reasons stated here and in Magistrate Judge Gorence's Recommendation and Order, the defendant's motion to suppress based on the insufficiency of the warrant is denied and the Magistrate Judge's order denying the defendant's motion to compel production of the audiotape is affirmed.

**So Ordered.**

Dated this   17th   day of June, 2005.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge