UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 04-CR-306

TODD A. MILLER,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION TO DENY MOTION TO SUPPRESS**

On December 28, 2004, a federal grand jury sitting in this district returned a three-count indictment against Defendant Todd A. Miller. The three counts include possession of a firearm by a felon, possession of cocaine with intent to deliver, and carrying a firearm during and in relation to a drug trafficking crime. The charges are based upon evidence obtained in the course of a search of a residence in the City of Shawano on November 11, 2004. Specifically, police recovered from a closet in a baby's bedroom a black duffel bag containing cocaine, a scale, and a loaded handgun. Miller initially moved to suppress the evidence against him on the ground that the search warrant was facially invalid, and in a previous order adopting the recommendation of Magistrate Judge Patricia J. Gorence, the court denied the motion to suppress on that basis. Miller also filed a motion to suppress the evidence obtained as a result of the search based on the unreasonable execution of the search warrant, and a motion to suppress his post-arrest statements to police on the grounds that his waiver of *Miranda* warnings, as well as the statements themselves, were not voluntary. Those motions are presently before me.

Following an evidentiary hearing, Magistrate Judge Gorence issued her findings of fact and recommendation that the remaining motions be denied as well. Magistrate Judge Gorence found that the execution of the warrant was not unreasonable and, in any event, suppression of evidence is not the proper remedy for violation of the "knock and announce" rule. Judge Gorence also concluded that Miller's waiver of *Miranda* rights and the incriminating statements were voluntary. Miller filed objections to that part of Judge Gorence's recommendation relating to the execution of the search warrant. He contends that the failure of the officers to knock before entering the residence violated his Fourth Amendment rights and that suppression is the proper remedy for such violation.

I have reviewed the transcript of the hearing and adopt Magistrate Judge Gorence's findings and recommendation. The hearing testimony establishes that the law enforcement officers executing the warrant drove up to the residence of Marsha Krause in police cars at approximately 12:00 noon on November 11, 2004. Two of the officers were wearing their patrol uniforms and three were wearing polo shirts with police insignia and had their badges displayed on their belts. (Tr. 130-32, 184-85.) Ashley Wilber, a friend of Krause who had spent the previous night at the residence, was smoking a cigarette outside on the porch when the officers arrived. (Tr. 183-84.) Officer Atkinson identified himself, told Wilber they had a search warrant and asked her if Krause was at home. Wilber stated Krause was inside and turned to go in, saying she'd go get her. Officer Atkinson followed Wilber into the house without knocking. (Tr. 130.) Upon entering the residence, Officer Atkinson announced loudly: "Shawano Police Department. We have a search warrant." (Tr. 134.)

Based upon these facts, I find no violation of Miller's Fourth Amendment right against unreasonable searches and seizures. In *Wilson v. Arkansas*, 514 U.S. 927 (1995), the Supreme

2

Court held that the Fourth Amendment incorporates the common law requirement that police officers entering a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry. At the same time, however, the Court recognized that the "flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests." *Id*., at 934. In *Richards v. Wisconsin*, 520 U.S. 385 (1997), the Court again addressed the rule of announcement and rejected Wisconsin's blanket exception to the knock and announce requirement for drug cases. I find *Richards*' further discussion of the issue relevant here.

In *Richards*, a police officer executing a search warrant for a motel room where the defendant was suspected of selling drugs knocked on the door and identified himself as a maintenance man. When the defendant opened the door a crack and saw a uniform officer, he immediately slammed the door shut. The officers then broke into the room and caught the defendant as he was trying to exit through a window. They also recovered cash and cocaine above the ceiling tiles in the bathroom. 520 U.S. at 388-89. The defendant unsuccessfully moved to suppress the evidence seized from the motel room based on the officers' failure to knock and announce, and later appealed his conviction. The Wisconsin Supreme Court affirmed the conviction without discussing the specific circumstances based on the exception to the "knock and announce" rule it had created in *State v. Stevens*, 511 N.W.2d 591, 596-97 (Wis. 1994). In *Stevens*, the Wisconsin Supreme Court had adopted a blanket exception for search warrants based on felony drug charges because of the likelihood of the presence of guns and the fact that drugs could be readily disposed of in homes with modern plumbing. The United States Supreme Court granted *certiorari* in *Richards* to decide whether such an exception was justified. The Court concluded it was not.

3

In rejecting Wisconsin's blanket exception for all felony drug cases, the Supreme Court concluded in *Richards* that such a rule was over broad. It applied even in cases where the police were aware that those present in the residence were not involved in drug activity and would therefore be unlikely to destroy evidence or offer resistance. It likewise applied in cases where the nature of the drugs or the location in which they were stored made it impossible to destroy them quickly. 520 U.S. at 393. The Court noted there was also no reason to limit such an exception to drug offenses since other crimes such as armed robbery, for example, were also inherently dangerous. To create an exception based on the nature of the offense would render the rule meaningless. *Id*. at 393-94. The Court therefore rejected Wisconsin's blanket exception and held that "[i]n order to justify a "no-knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Id*. at 394. A "reasonable suspicion" standard, the Court held, as opposed to a "probable cause" standard, "strikes the appropriate balance between the legitimate law enforcement concerns at issue in the execution of search warrants and the individual privacy interests affected by no-knock entries." *Id*.

Significantly for this case, the Court went on in *Richards* to hold that the entry in that case was reasonable under the circumstances. The judge who heard testimony at Richards' suppression hearing, the Court noted, concluded that it was reasonable for the officers executing the warrant to believe that Richards knew, after opening the door to his motel room the first time, that the men seeking entry to his room were the police. And once the officers reasonably believed that Richards knew who they were, the trial court concluded that it was reasonable for them to force entry immediately given the disposable nature of the drugs. *Id*. at 395. The *Richards* Court concluded

4

that "[t]hese actual circumstances--petitioner's apparent recognition of the officers combined with the easily disposable nature of the drugs--justified the officers' ultimate decision to enter without first announcing their presence and authority." *Id*. at 396.

I conclude on the basis of *Richards* that the entry in this case was likewise reasonable. Once Wilber, a friend of Krause who was visiting at the time, knew the police were there with a search warrant, there was no need to further announce their presence and authority before entering the residence with Wilber. The danger the rule of announcement is required to serve – avoidance of needless destruction of property, *Wilson*, 514 U.S. at 945-46, was not present since Wilber was entering the residence through an unlocked door and Atkinson merely followed her in. And allowing Wilber to go in alone and inform Krause and others who were present that police were there with a search warrant would have increased the risk of destruction of evidence or even violence. Remember, a loaded handgun was recovered from the bag with the cocaine. (Tr. 141.) Having announced their presence and authority to an occupant of the house, police acted reasonably in immediately entering with that occupant to insure safety of the officers and preservation of evidence. For this reason, Miller's motion to suppress based on unreasonable execution of the search warrant will be denied.

I also agree with Magistrate Judge Gorence's alternative conclusion that suppression of evidence is not available as a remedy even if the entry was unreasonable. That is the clear holding of the Seventh Circuit. *See United States v. Langford*, 314 F.3d 892, 894 (7th Cir. 2002). Although the United States Supreme Court has recently granted *certiorari* in a case to consider this same issue, *see Hudson v. Michigan*, No. 04-1360, 73 USLW 3623 (June 27, 2005), *Langford* remains the law in this Circuit and it is binding here. Accordingly, for this reason too Miller's motion is to suppress evidence based on the manner of entry is denied.

5

No objection was filed to the portion of Magistrate Judge Gorence's recommendation relating to the motion to dismiss Miller's statements. I have reviewed the findings and recommendation for clear error in any event and find none. Magistrate Judge Gorence's recommendation is therefore adopted as to this motion as well and the motion to suppress post-arrest statements is denied.

**SO ORDERED.**

Dated this   18th    day of July, 2005.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge