UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        Case No. 04-CR-306

TODD A. MILLER,

        Defendant.

**ORDER DENYING MOTION TO SUPPLEMENT RECORD ON APPEAL**

Defendant Todd Miller was sentenced by this court on a charge of possession of cocaine with intent to distribute on October 28, 2005. Miller is appealing his sentence and now seeks to supplement the record on appeal. For the reasons set forth below, his motion will be denied.

Prior to sentencing, the defendant met with law enforcement agents and provided information in an effort to secure a motion for a downward departure based upon substantial assistance pursuant to U.S.S.G. § 5K1.1. Although the government utilized the information provided by the defendant to obtain a search warrant, it determined that he had not been fully truthful concerning the source of the cocaine found within his possession and declined to recommend a downward departure. Counsel for the defendant nevertheless argued that a sentence less than the range prescribed in the guidelines would be appropriate based upon the assistance provided by the defendant. Although counsel related the extent of the cooperation and the effects of that cooperation at the sentencing hearing, the defendant now seeks to supplement the record with the actual search warrant and affidavit filed in support of the search warrant request. The affidavit

contains a statement by a police officer to the effect that the informant, presumably the defendant, "has given true and accurate information in the past, that there was a marijuana grow operation. . . ." (Mot. to Suppl. Rec. at ¶ 6.)

The government opposes the defendant's motion on the ground that the documents defendant seeks to submit do not constitute material that was "misstated" or "omitted" from the record based on either "error" or "accident" as required in Rule 10(e) of Federal Rules of Appellate Procedure.

Although the court agrees with the defendant that the search warrant and affidavit filed in support of the search warrant may be relevant to his argument that his client provided substantial assistance, the motion will be denied. Rule 10(e) of the Federal Rules of Appellate Procedure allows the parties or the court to supplement the record if anything material is omitted or misstated. But the rule cannot be used to add or enlarge the record on appeal to include material that was not before the district court. *United States v. Alcantar*, 83 F.3d 185, 191 (7th Cir. 1996); *United States v. Hillsburg*, 812 F.2d 328, 336 (7th Cir.), *cert. denied*, 481 U.S. 1041 (1987). The rule exists to allow the district court to conform the record to what happened in that court, not to add matters that were not before the courts. *United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974).

The documents with which the defendant now seeks to supplement the record were not before the court at the time of sentencing. Although the nature and extent of his cooperation was recounted and not disputed, the actual search warrant and affidavit were not received. More importantly, the statement contained in the affidavit to the extent that the government found the defendant's information "truthful" and "reliable" was never before the court. To the extent that the affidavit demonstrates an inconsistency with the government's position at the time of sentencing,

2

it may warrant action by the court. However, because the alleged inconsistency was never presented to the district court, it cannot be raised for the first time on appeal. Accordingly, defendant's motion to supplement the record on appeal is **DENIED**.

    **SO ORDERED**.

    Dated this __5th__ day of December, 2005.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
